# In the United States Court of Federal Claims

No. 15-1297C
(Filed: April 13, 2017)

```
*************************************
DOUGLAS G. BROWN et al.,           *
                                   *
            Plaintiffs,            *
                                   *    Rails-to-Trails; Motion to Stay
v.                                 *    Proceedings Pending Resolution of Appeal
                                   *    in Another Case; Legal Standard
THE UNITED STATES,                 *
                                   *
            Defendant.             *
*************************************
```

J. Robert Sears, St. Louis, MO, for plaintiffs.

Mayte Santacruz, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**SWEENEY**, Judge

In this case, plaintiffs own real property in Cleveland County, North Carolina, adjacent to a railroad right-of-way. They contend that the United States, by authorizing the conversion of the railroad right-of-way into a recreational trail pursuant to the National Trail Systems Act ("Trails Act"), took their property without paying just compensation in violation of the Fifth Amendment to the United States Constitution. In furtherance of their claim for just compensation, plaintiffs moved for partial summary judgment on liability. Defendant subsequently moved to stay proceedings pending resolution of the appeal in Caquelin v. United States, which is currently before the United States Court of Appeals for the Federal Circuit ("Federal Circuit"). Plaintiffs oppose defendant's motion.

### I. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). However, a court's discretion to stay proceedings is not boundless. Cherokee Nation of Okla. v. United States, 124 F.3d 1413, 1416 (Fed. Cir. 1997). Rather, a court must "weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254-55. On the one hand, the court must examine whether the party seeking to stay proceedings has presented "a clear case of hardship or inequity in being

required to" proceed with litigation. Id. at 255; accord Clinton v. Jones, 520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its need."). On the other hand, the court must be mindful of any hardship that might be borne by the opposing party; for example, that "delaying trial would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party." Jones, 520 U.S. at 707-08; accord Cherokee Nation of Okla., 124 F.3d at 1418 ("[T]he trial court's decision to postpone resolution of the breach claim impairs the [plaintiffs'] ability to plead their causes. With the passage of time, memories will fade, litigation costs will balloon, and resolve will dwindle."). Indeed, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." Landis, 299 U.S. at 255; see also id. at 256 (noting that in a case "of extraordinary public moment," a litigant "may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted").

## II. DISCUSSION

In its motion, defendant notes that plaintiffs, in their motion for partial summary judgment, rely on the Federal Circuit's decision in Ladd v. United States, 630 F.3d 1015 (Fed. Cir. 2010), and similar decisions to "argue that even though no trail use agreement has been reached in this case, the United States effected a taking of their property when the Surface Transportation Board ('STB') issued the Notice of Interim Trail Use ('NITU') on August 4, 2015." Mot. ¶ 1. Defendant then asserts that it has lodged an appeal in another Trails Act case, Caquelin, and that resolution of the issues in that case "will have a direct and substantial impact on the law governing this case." Mot. ¶ 3. In particular, defendant represents that it requested en banc review of the following two issues in Caquelin:

> "(1) Whether a takings claim based on issuance of a NITU where no trail-use agreement is reached, no interim trail is created, the time for negotiating a trail-use agreement has lapsed, and the railroad has abandoned its rail line should be analyzed using a regulatory takings, rather than physical takings, framework;" and "(2) Whether a physical takings claim accrues upon issuance of the NITU."

Id. (quoting its opening appellate brief). Defendant further represents that it requested that the Federal Circuit, sitting en banc, overrule its decision in Ladd. Finally, defendant represents that it sought panel review of a third issue–"If a NITU-only claim must be analyzed as a physical taking, whether the NITU is a per se taking or whether such a claim is subject to a multi-factor analysis appropriate for temporary physical takings claims." Id. According to defendant, because Caquelin and this case are factually similar, and because it expects the Federal Circuit to issue a decision in Caquelin "later this year," id. ¶ 6, "it would be prudent to proceed with the Plaintiffs' takings claim only after the Federal Circuit decision in the Caquelin appeal is

received," id. ¶ 4; see also id. ¶ 7 (arguing that "granting the United States' requested limited stay is consistent with this Court's goal of conserving both party and judicial resources").[1]

Plaintiffs, in their response in opposition to defendant's motion, argue that "[t]he outcome in Caquelin will not impact this case" for three reasons:

> (1) the Federal Circuit has already provided answers to the questions presented in Caquelin, (2) the Federal Circuit has repeatedly denied en banc review of the very questions presented in Caquelin[, and] (3) in this case, [unlike in Caquelin,] the time for negotiating trail use has not yet expired, and even after the negotiating period expires, if the parties request an extension of the [NITU], the [STB] liberally grants such extensions.

Resp. 1; accord id. at 4 ("The United States arrogates to itself the ability to stall litigation and therefore justice in several of these cases, on an arbitrary basis, for the sole reason that it seeks to overturn what is now 13 years of established precedent."). Plaintiffs further argue that "granting a stay in this matter will greatly prejudice" them because a stay "will delay the resolution and, ultimately," their receipt of just compensation, and that such "prejudice is highlighted and [made] even more unacceptable by the fact that the United States is not seeking a stay in the identically situated case," Phillips v. United States, No. 14-208L.[2] Id. at 1.

---

[1] In its reply brief, defendant asserts, for the first time, another basis for a stay of proceedings: to allow for negotiations regarding a trail-use agreement to conclude. The court declines to consider an argument that was not raised in defendant's motion. See SmithKline Beecham Corp. v. Apotex Corp., 439 F.3d 1312, 1319 (Fed. Cir. 2006) ("[A]rguments not raised in the opening brief are waived."); Novosteel SA v. United States, 284 F.3d 1261, 1274 (Fed. Cir. 2002) ("Raising the issue for the first time in a reply brief does not suffice; reply briefs reply to arguments made in the response brief–they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration.").

[2] In conjunction with this argument, plaintiffs contend that the appropriate standard for reviewing defendant's motion is set forth in Nken v. Holder:

> "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."

556 U.S. 418, 434 (2009) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). However, at issue in Nken was the standard that a federal appellate court should apply in deciding whether to stay a federal district court order of removal if the removal order was appealed. See 556 U.S. at 425-26; see also Fed. R. Civ. P. 62 ("Stay of Proceedings to Enforce a Judgment"); R. Ct. Fed. Cl. 62 (same). Nken does not address the situation presented in this case–where a party wishes to

In its reply brief, defendant first acknowledges that under binding precedent, the issuance of a NITU results in a physical taking, but contends that this is the precise precedent that it is seeking to have overturned in Caquelin.  Defendant then asserts that the Federal Circuit has not denied en banc review in other cases of the issues that it raised in Caquelin.  Third, defendant argues that it would be premature to determine liability in this case because the time for negotiating a trail-use agreement has not yet expired, and that if such an agreement is not reached, a decision in Caquelin in defendant's favor might alter the applicable legal analysis or foreclose government liability altogether.  Finally, defendant argues that the proceedings in Phillips have no bearing on this case because Phillips is not similarly situated procedurally, and, in any event, this court has, in fact, stayed proceedings in another case pending the Federal Circuit's resolution of Caquelin.[3]

As noted above, defendant has the burden of establishing "a clear case of hardship or inequity" that would support a stay of proceedings.  Landis, 299 U.S. at 255.  However, defendant has not alleged an "inequity," and the only "hardship" suggested by defendant is that it might need to expend additional resources to prepare and submit new briefs in this case on the issue of liability if the Federal Circuit rules in its favor in Caquelin.  The court cannot agree that the possible need for additional briefing on the issue of liability constitutes a hardship that necessitates a stay of proceedings.  Additional briefing would be required only if (1) the Federal Circuit decides to review the issues presented by defendant en banc and (2) the en banc court rules in defendant's favor.[4]  Whether these events will occur is unknown; indeed, it is certainly possible that the Federal Circuit will decline defendant's invitation for en banc review, leaving the existing binding precedent in place.  In light of this uncertainty, the actual hardship that defendant might face cannot be ascertained.

In contrast, plaintiffs would be harmed by a stay of proceedings.  Plaintiffs initiated this litigation with the goal of obtaining just compensation for the federal government's purported taking of their property.  As acknowledged by defendant–and reflected by the fact that defendant

---

stay proceedings (and not the enforcement of an order or a judgment) in one case pending an appellate court decision in another case.

[3] The case to which defendant refers is Sauer West LLC v. United States, No. 12-340L.  In that case, neither party filed a motion to stay proceedings, and the order staying proceedings (ECF No. 90) does not reflect whether the stay was entered at the parties' request or by the court sua sponte.  Thus, this court cannot draw any conclusions from the Sauer West LLC court's decision to stay proceedings.

[4] The issue that defendant raised before the panel–whether the taking at issue should be treated as permanent or temporary–concerns the proper amount of damages, not liability.  See Ladd, 630 F.3d at 1025 ("The duration of the taking goes to damages, not to whether a compensable taking has occurred.").

is seeking en banc review–there is binding Federal Circuit precedent that this court can apply in this case.  Accord Memmer v. United States, 122 Fed. Cl. 350, 365 (2015); Caquelin v. United States, 121 Fed. Cl. 658, 665-66 (2015), appeal docketed, No. 16-1663 (Fed. Cir. Mar. 4, 2016). Thus, a stay of proceedings would hinder the "expeditious disposition" of this case under settled precedent, Link v. Wabash R.R. Co., 370 U.S. 626, 631 (1962), delaying any recovery to which plaintiffs might be entitled.[5]

Weighing the concrete harm that plaintiffs would suffer against the uncertain harm faced by defendant, the court concludes that a stay of proceedings is not appropriate.  Defendant has not established a compelling need to stay proceedings.  Plaintiffs' expressed desire to move forward with the resolution of this case at this time should be honored.

### III.  CONCLUSION

For the reasons set forth above, the court **DENIES** defendant's motion to stay proceedings in this case.  In light of the delay caused by the briefing and resolution of defendant's motion, the court enlarges the existing briefing schedule as follows:

- Defendant shall file its response and cross-motion for summary judgment by **no later than Friday, May 12, 2017**.

- Plaintiffs shall file their reply and response by **no later than Monday, June 12, 2017**.

- Defendant shall file its reply by **no later than Monday, July 3, 2017**.

Upon ruling on the parties' cross-motions for summary judgment, the court will direct the parties to file a joint status report suggesting a schedule for further proceedings.

**IT IS SO ORDERED.**

              s/ Margaret M. Sweeney
              MARGARET M. SWEENEY
              Judge

---

[5] The court recognizes that a delay in the receipt of money damages may not, standing alone, justify the denial of a motion to stay proceedings.  See, e.g., CMAX, Inc. v. Hall, 300 F.2d 265, 268-70 (9th Cir. 1962) (upholding the trial court's decision to stay proceedings when the only injury that would be suffered by the plaintiff from the stay would be a delay in obtaining monetary relief).